UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

LEE RONSO,

Appellant,

v.

DEPARTMENT OF THE NAVY,

Agency.

DOCKET NUMBER
AT-3443-14-0157-I-1

DATE: September 25, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lee Ronso, Cantonment, Florida, pro se.

Douglas T. Frydenlund, Portsmouth, Virginia, and Nikcy Clervil, Jacksonville, Florida, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal of the agency's failure to compensate him for his time "on-call."  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The appellant sought to appeal the agency's failure to pay him for time he was on-call, allegedly in violation of Title 38 guidelines. Initial Appeal File (IAF), Tab 1 at 4-5. According to the appellant, another employee was compensated for the same on-call work. *Id.* The administrative judge ordered the appellant to produce evidence and argument to prove that the Board had jurisdiction over his appeal. IAF, Tab 2 at 2, Tab 3. In its narrative response, the agency argued that the appellant had not met his burden to prove jurisdiction and further asserted that the appellant was properly excluded from on-call pay. IAF, Tab 7 at 4-5. The appellant responded to the agency's submission but did not address the Board's jurisdiction. IAF, Tabs 8, 9. Instead, he argued that he was entitled to on-call pay because he was a licensed marriage and family counselor who was required to be on call and asserted that the agency paid a lump sum to a psychologist who performed on-call duties. IAF, Tab 9 at 4-5. The administrative judge dismissed the appeal for lack of jurisdiction, finding that the

appellant did not suffer a reduction in pay that is appealable to the Board.[2]  IAF, Tab 10, Initial Decision (ID) at 2.

¶3        The appellant has filed a timely petition for review in which he contends the Board has jurisdiction because he is alleging inequitable pay.  Petition for Review (PFR) File, Tab 1 at 5, Tab 5 at 4-5.  He also seeks to submit new documents on review.  PFR File, Tab 5 at 5, 7-9.  The agency has responded to the petition for review, and the appellant has replied.  PFR File, Tabs 4, 5.

¶4        We agree with the administrative judge that we lack jurisdiction to adjudicate on-call pay.  ID at 2.  The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  Thus, it follows that the Board does not have jurisdiction over all matters alleged to be unfair or incorrect.  *Johnson v. U.S. Postal Service*, 67 M.S.P.R. 573, 577 (1995).  Although the Board generally has jurisdiction over appeals of reductions in pay, its jurisdiction is limited to reductions in "the rate of basic pay fixed by law or administrative action for the position held by the employee, that is, the rate of pay before any deductions and exclusive of additional pay of any kind."  *Vega v. U.S. Postal Service*, 108 M.S.P.R. 221, ¶ 11 (2008) (quoting 5 C.F.R. § 752.402); *see* U.S.C. §§ 7511(a)(4) (defining "pay" for purposes of a chapter 75 adverse action appeal), 7512(4) (listing "a reduction in pay" among those adverse actions covered under chapter 75 of Title 5), 7513(d) (providing that a covered employee subject to an adverse action has the right to appeal to the Board).  The Board and the courts have interpreted the term "rate of basic pay" restrictively because Congress intended adverse action rights, such as the right to appeal a reduction in pay, to be given a narrow construction.  *Gaydar v. Department of the Navy*, 121 M.S.P.R. 357, ¶ 6 (2014).  Thus, a reduction in pay does not include premium pay such as the "on-call" pay the appellant claims he

---

[2] The appellant did not request a hearing, and none was held.  IAF, Tab 1 at 2; ID at 1.

should receive. *See Spinks v. U.S. Postal Service*, 621 F.2d 987, 988-89 (9th Cir. 1980) (finding that a loss in premium pay for working at night was not an appealable reduction in pay). Therefore, the appellant has not suffered a reduction in pay that is appealable to the Board.

¶5 On review, the appellant repeats his argument, made below, that he is being treated unfairly because he is being paid under Title 5, rather than Title 38. PFR File, Tab 1 at 5-7; IAF, Tab 1 at 5, Tab 9 at 4-5. However, the Board does not have jurisdiction over the pay provisions of Title 38. *See generally* 5 C.F.R. §§ 1201.2-1201.3 (listing those claims over which the Board has original and appellate jurisdiction). Although the appellant argues that the Board should hear his claim because he is not covered by a collective bargaining agreement, the lack of a grievance remedy does not vest the Board with jurisdiction.[3] PFR File, Tab 1 at 5; IAF, Tab 8 at 3; *see Harris v. U.S. Postal Service*, 112 M.S.P.R. 186, ¶ 11 (2009) (the Board lacks jurisdiction over claims regarding the operation of the grievance process under a collective bargaining agreement).

¶6 On review, the appellant argues, for the first time, that his allegedly unfair treatment is motivated by religious discrimination. PFR File, Tab 5 at 5. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); 5 C.F.R. § 1201.115(d). Here, the appellant has not shown that his claim of religious discrimination is based on new evidence. In any event, the Board has no jurisdiction over appeals based on alleged religious discrimination, *unless* such allegation is raised in conjunction with a matter otherwise within the Board's jurisdiction. *Shepard v. U.S. Department of Agriculture*, 2 M.S.P.R. 528, 529-30 (1980) (citing 5 U.S.C.

---

[3] The agency asserted below that the appellant was, in fact, covered by a collective bargaining agreement. IAF, Tab 7 at 10. Because such coverage is not relevant to our jurisdictional holding here, we need not resolve this factual dispute.

§ 7702(a)(1) (providing that the Board has jurisdiction over Title VII-type discrimination and reprisal claims raised in the context of an appealable action)). Therefore, the appellant's late-raised claim of religious discrimination does not establish Board jurisdiction over his appeal.[4]

¶7     Also for the first time on review, the appellant provides an exchange of emails that he asserts "could not be wholly retrieved and were not available when the record was closed."  PFR File, Tab 5 at 5, 7-9.  Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence.  5 C.F.R. § 1201.115(d).  Further, the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

¶8     The record on jurisdiction closed in January 2014.  IAF, Tab 3 at 2.  The emails themselves are dated almost 7 months earlier.  PFR File, Tab 5 at 7-9. Although an inquiry from the appellant initiated the email string, he was not listed as a recipient on the response and may not have received the response when it was originally generated.  *Id.*  However, even assuming he only acquired the emails shortly before submitting them to the Board, the appellant still has not explained why the underlying information was not available, nor does he discuss

---

[4] Likewise, the appellant's claims that the failure to pay him for his on-call time was procedural error or "not in accordance with law" are not independent bases for Board jurisdiction.  *See* PFR File, Tab 1 at 5; *see* 5 U.S.C. § 7701(c)(2)(A), (C) (providing that an appealable action may not be sustained if the employee or applicant shows harmful procedural error, or that the decision was not in accordance with law); *Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 11 (2010) (the Board has no independent jurisdiction over a claims of discrimination and harmful error).

his diligence in trying to obtain this information. Therefore, we cannot find that the information is new. Further, the exchange does not warrant an outcome different from that of the initial decision. The emails contain a discussion of whether marriage and family counselors are eligible for on-call pay under Title 38. Because, as discussed above, the eligibility for on-call pay under Title 38 is not within the Board's jurisdiction, this allegedly new information is not material.

¶9 Accordingly, we affirm the administrative judge's dismissal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.

Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.